```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                                            ORDER
          -against-                         89-CR-0229-15(JS)

TRENT DALEY,
                    Defendant.
----------------------------------X
APPEARANCES
For United States:  Charles N. Rose, Esq.
                    Erin Argo, Esq.
                    United States Attorney's Office
                    610 Federal Plaza
                    Central Islip, New York 11722

For Defendant:      Trent Daley, pro se
                    #28362-053
                    Butner Medium 2
                    Federal Correctional Institution
                    P.O. Box 1500
                    Butner, North Carolina 27509
```

SEYBERT, District Judge:

On December 16, 2020, Defendant Trent Daley ("Defendant"), who is proceeding pro se, filed a motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion"). (Mot., ECF No. 790.) The Government opposes the Motion. (Gov't Opp., ECF No. 792.) For the reasons that follow, the Motion is DENIED without prejudice to renew.

## DISCUSSION

In his Motion, Defendant states that the COVID-19 pandemic, coupled with his medical condition of anemia, are

1

extraordinary and compelling circumstances justifying his release. (Mot. at ECF pp. 1-2.)  Defendant also contends that he is entitled to a reduced sentence because his sentence of life without parole "is brutal by today's standards" (id. at ECF p. 3), the evidence regarding the amount of heroin for which he was held responsible was insufficient (id.), and the claimed disparity between his sentence and that of similarly situated defendants (id. at ECF pp. 3-4).

The First Step Act allows a court to modify a defendant's sentence upon a motion of either (1) the Director of the Bureau of Prisons ("BOP") or (2) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Thus, where a defendant seeks relief under the First Step Act, the defendant must first make his request to the BOP, which is provided a thirty-day window within which to act; only if the defendant's request is denied or the thirty-day period has expired without the BOP acting may the defendant seek relief from the Court.  See United States v. Woodson, 452 F. Supp. 3d 31, 34 (S.D.N.Y. 2020) (declining to waive statutorily mandated exhaustion requirement of the First Step Act in denying, without prejudice, request for compassionate release based upon concerns

2

regarding COVID-19); see also id. at 36 (collecting cases where courts denied compassionate release requests because prisoners had not first sought relief from the BOP).

Defendant states that he complied with the statutory prerequisites of the First Step Act by "filing an Administrative Remedy Request with the warden at this place of confinement on August 24, 2020, seeking compassionate release for 'extraordinary and compelling circumstances.' (See attached.) Thirty days [have] lapsed without response from the warden. Accordingly, this matter is properly before the Court." (Id. at ECF p. 1.) However, having reviewed Defendant's Motion, including the many attached letters, the Court finds that Defendant has not provided evidence that he has exhausted his administrative remedies with the BOP. Apart from Defendant's uncorroborated representation, there is no evidence that Defendant made his compassionate release request to the warden, or otherwise began the process of seeking administrative relief, as is statutorily required. In the absence of such evidence showing compliance with the First Step Act, Defendant's Letter Motion for compassionate release is DENIED without prejudice.[1]  See United States v. Sosa, No. 18-CR-0229,

---

[1] While this Court has, on another occasion, waived the exhaustion requirement, it did so where the circumstances clearly indicated that "strict enforcement would not serve the Congressional objective of allowing meaningful and prompt judicial review." United States v. Sanchez, No. 18-CR-0140, 2020 WL 1933815, at *4-5 (D. Conn. Apr. 22, 2020) (collecting cases); see United States

3

2020 WL 4252683, at *1 (S.D.N.Y. July 24, 2020) (collecting cases). If Defendant (1) fully exhausts his BOP administrative remedies and receives an unfavorable disposition, or (2) submits a request to the prison warden, but does not receive a decision within the thirty days, Defendant may then properly seek judicial relief, which should include evidence of compliance with the First Step Act's mandatory administrative exhaustion requirement. Defendant may demonstrate compliance by attaching to his renewed motion the "Administrative Remedy Request" referenced in his Motion, as well as BOP's response, if any.

In addition, in the event Defendant renews his motion, he should provide documentation to corroborate his medical condition of anemia. See United States v. Rodriguez, No. 18-CR-49, 2020 WL 7040642, at *3 (W.D.N.Y. Dec. 1, 2020) (holding defendant failed to meet her burden of establishing extraordinary and compelling circumstances where defendant "d[id] not support her allegations of 'high risk' health conditions with any medical records or other, related documentation," among other reasons).

## CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion (ECF

---

v. Cohen, No. 17-CR-0372, 2020 WL 3960513, at *2 (E.D.N.Y. July 13, 2020) (Seybert, J.) (waiving exhaustion requirement where strict compliance with Section 3582(c)(1)(A) rendered exhaustion futile given the defendant's anticipated release date). Here, unlike Cohen, there are no similar time constraints that would render exhaustion futile.

4

No. 790) is DENIED without prejudice to renew if he can provide evidence that he exhausted his administrative remedy with the BOP.

The Government is directed to mail a copy of this Order to the pro se Defendant, noting on the mailing envelope that it is "LEGAL MAIL", and shall file proof of service to ECF forthwith.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:   February _1_, 2021  
         Central Islip, New York